```
 1  RICHARD L. GRANT, C.S.B. 93351
    GRANT LAW, A Professional Law Corporation
 2  15375 Barranca Parkway, SUITE A-208
    Irvine, CA 92618
 3  Tel (949)379-7172
    Fax (949)379-7192
 4  Email: RGrant@GrantLawCA.com

 5  Attorneys for Plaintiff:
    BAXTER BAILEY & ASSOCIATES, INC.
 6
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAXTER BAILEY & ASSOCIATES, INC., ASSIGNEE OF AV HUDSON, <br><br>Plaintiff, <br><br>vs. <br><br>DCG DISTRIBUTION, A NEVADA CORPORATION; GLB TRUCKING, LLC, A FLORIDA LIMITED LIABILITY COMPANY; FOREVER LINK INTERNATIONAL, INC., A CALIFORNIA CORPORATION; LBK SHOES CORP., A FLORIDA CORPORATION; WORLD NET CONSOLIDATORS, INC., A CALIFORNIA SUSPENDED CORPORATION; ET AL. <br><br>Defendants. | Case No.: <br>2:20-cv-10998-DMG (RAOx) <br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSE MEMORANDUM TO DEFENDANT GLB TRUCKING LLC'S NOTICE OF REMOVAL OF CALIFORNIA STATE ACTION TO THE UNITED DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA; REQUEST FOR JUDICAL NOTICE; REQUEST FORE HEARING ON ORDER FOR REMOVAL.** <br><br><br>**HON. DOLLY M. GEE** |

---

1

**PLAINTIFF'S OBJECTIONS & RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

1  COMES NOW, Plaintiff, BAXTER BAILEY & ASSOCIATES, INC.,
2  ASSIGNEE OF ASSIGNOR AV HUDSON, submitting to the Court its
3  Objections and Response Memorandum to Defendant GLB TRUCKING
4  LLC'S NOTICE OF REMOVAL.
5
6  The herein Objections and Response are based upon the fact
7  that there is not a Federal Issue before the Court to allow for
8  the removal being noticed and requested which provides this
9  Court to have original jurisdiction over Plaintiff's claim(s)
10 herein.
11
12 Further, Objections and Response are based upon the fact
13 that the trucking Bills of Lading are not *exclusively governed*
14 by Federal Bills of Lading Act and/or the Carmack Amendment,
15 but rather governed by California Commercial Code Section 1307
16 et seq. and California Commercial Code Section 7102, et seq.
17 Further, Objections and Response are based upon the fact
18 that trucking Bills of Lading were not issued by Plaintiff
19 Assignor AV HUDSON, but it is reasonably to conclude and it is
20 believed upon information and belief that the trucking Bills of
21 Lading were issued by California Shipper World Net
22 Consolidators, Inc.
23
24 This Responding Party requests this this court take
25 judicial notice of the filed State Court Complaint and its
26 entire Exhibit A Documents, California Commercial Code Section
27
28

2

**PLAINTIFF'S OBJECTIONS & RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

1307 et seq. and California Commercial Code Section 7102, et seq.

The Plaintiff requests the court to conduct a hearing on the requested Order for Removal.

The Plaintiff also requests that the Request for Removal be denied with prejudice.

Respectfully submitted,

Dated: 12/04/20

**GRANT LAW**

BY: /s/ RICHARD L. GRANT
RICHARD L. GRANT, ESQ.
ATTORNEY FOR PLAINTIFF

**PLAINTIFF'S OBJECTIONS & RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

# MEMORANDUM OF POINT & AUTHORITIES IN SUPPORT OF OPPOSITION TO NOTICE OF REMOVAL

## 1. STATEMENT OF CASE:

This case before this court concerns Plaintiff's State Complaint for collection of unpaid freight bills in the amount of $16,350.00 and California State pled causes action for Breach of Contract, Open Book Account, Account Stated, Quantum Meruit, and Unjust Enrichment.

The Defendants consist of the California Shipper World Net Consolidators, Shipper DCG Distribution, Consignee GLB Trucking LLC, Shipper Forever Link International, and LBK Shoes as a Consignee.

Defendant GLB Trucking LLC (GLB) has responded to the complaint by filing its Notice of Removal of the California State Court Case to this Federal Court based upon the fact that ***the trucking bills of lading were issued by Plaintiff's Assignor AV Hudson and trucking bills of lading are governed by federal law.*** Hence, it is argued that a federal law issue requires removal.

Conversely, Plaintiff contends that the trucking bills of lading were not necessarily issued by Plaintiff's Assignor, but most probably by the California Shipper World Net Consolidators, Inc.; no federal issue as the trucking bills of

**PLAINTIFF'S OBJECTIONS & RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

lading are governed by California State Law; and this court does not have original jurisdiction over Plaintiff claim(s).

**2. NO ORIGINAL JURISDICTION OVER PLAINTIFF-NO FEDERAL ISSUE**

In order to establish Original Jurisdiction, there must exist a Federal issue. Just because the Shipper used a Bill(s) of Lading for the shipments, it does not raise a federal question which may not be governed by Federal Law.

A Bill of Lading can be governed by State Law. Bills of Lading are not exclusively governed by federal law.

Here, California State Law would control the herein Trucking Bills of Lading. Under California Law, <u>California Commercial Code Section 1307 et seq. and California Commercial Code Section 7102, et seq.</u>, Under California Law herein, Bills of Lading are issued by the Shipper and prescribe the identity of the shipper, consignee, nature of cargo, and terms of payment. Especially, California Law governs both the shipments and the Bills of Lading where shipments originate from California Shippers and depart from the state of California.

In addition, and most importantly, the examination of the bills of lading (attached to the state complaint) leads one to conclude that Shipper World Net Consolidators most likely than not issued the bills of lading in California as the shipper as required and pursuant to the aforementioned cited California Statutory Bill of Lading law.

5

**PLAINTIFF'S OBJECTIONS & RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

Hence, there is not present a federal issue to sustain original jurisdiction by this Federal Court.

### 3. NO STATUTORY OR COMPELLING BASIS FOR REMOVAL

Given that the trucking bills of lading are California Bills of Lading govern by California Law, and no federal issue, there is not present either a statutory or compelling basis to remove this California State Action to this Federal Court. Judicial Economy is not served by ordering its removal.

### 4. PLAINTIFF REQUEST FOR JUDUCIAL NOTICE

This Responding Party requests this this court take judicial notice of the filed State Court Complaint and its entire Exhibit A Documents, <u>California Commercial Code Section 1307 et seq. and California Commercial Code Section 7102, et seq.</u>

### 5. CONCLUSION

Based upon the existence of a California Trucking Bills of Lading arguably and most probably issued by the California Shipper as prescribed and governed by California Law, California State Complaint and Exhibit A Transportation Documents, and the absence of a federal issue, it is respectfully requested that the herein matter not be removed to this federal court.

DATED: 12/4/20

/S/
RICHARD L. GRANT, ESQ.
ATTORNEY FOR PLAINTIFF

PLAINTIFF'S OBJECTIONS & RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

## PROOF OF SERVICE - 1031(a)(3) C.C.P.

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 15375 Barranca Parkway, Suite A-208, Irvine, California 92618.

On **December 4, 2020**, I served the foregoing document described as **PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANT GLB TRUCKING, LLC'S NOTICE OF REMOVAL** on the interested parties in this action as set forth below in the following manner:

SEE ATTACHED SERVICE SHEET.

(X)   **BY MAIL.** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United states Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure §1013(a). I am aware that on a motion of party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

(X)   **BY ELECTRONIC SERVICE:.** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by electronic service to the addressee(s) of record and as attached.

( )   **BY PERSONAL SERVICE.** I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **December 4, 2020**, at Irvine, California.

_____/S/_____
RICHARD L. GRANT

7

**PLAINTIFF'S OBJECTIONS & RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

1 | MICHAEL J. PERRY, ESQ.
2 | MICHAEL J. PERRY, ESQ., A PROFESSIONAL LAW CORPORATION
    4640 Admiralty Way, Ste. 500
3 | Marina Dey Rey, CA  90292
    mjp@michaeljperrylaw.com

PLAINTIFF'S OBJECTIONS & RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT