1  Michael J. Perry (State Bar No. 123124)
   mjp@michaeljperrylaw.com
2  MICHAEL J. PERRY, ESQ.,
     A PROFESSIONAL LAW CORPORATION
3  4640 Admiralty Way, Suite 500
   Marina del Rey, CA 90292
4  Telephone: (310) 496-5710
   Facsimile: (310) 306-3456
5
   Attorneys for SPECIALLY APPEARING DEFENDANT GLB TRUCKING, LLC.
6

7

8              **UNITED STATES DISTRICT COURT**

9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10  _____

11  BAXTER, BAILEY & ASSOCIATES
    CORPORATION, AN ASSIGNEE OF AV
12  HUDSON.,                                    Case No: 2:20-cv-10998-DMG
                                                (RAOx)
13
                                                **DEFENDANT GLB**
14                                              **TRUCKING LLC'S REPLY TO**
                      Plaintiff,                **PLAINTIFF'S OBJECTIONS**
15                                              **AND RESPONSE**
         vs.                                    **MEMORANDUM TO**
16                                              **DEFENDANT'S NOTICE OF**
    DCG DISTRIBUTION, A NEVADA                  **REMOVAL, MEMORANDUM**
17  CORPORATION; GLB TRUCKING, LLC.             **OF POINTS AND**
    A FLORIDA LIMITED LIABILITY                 **AUTHORITIES**
18  COMPANY; FOREVER LINK
19  INTERNATIONAL, INC., A CALIFORNIA
    CORPORATION; LBK SHOES CORP, A
20  FLORIDA CORPORATION; WORLD NET
21  CONSOLIDATORS, INC, A CALIFORNIA
    SUSPENDED CORPORATION; AND
22  DOES 1 THROUGH 100
23
24                    Defendants.
25  _____
26

27

28

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. STATEMENT OF THE CASE

Plaintiff, the alleged assignee of a Federal Motor Carrier Safety Administration ("FMCSA") licensed motor carrier, sued Defendant GLB Trucking, LLC ("GLB") and other defendants in California state court for Breach of Contact, Open Book Account, Account Stated, Quantum Meruit, and Unjust Enrichment for unpaid freight bills. The contracts on which the Breach of Contract claim based upon are bills of ladings attached as Exhibit A to the Complaint. One bill of lading (B/L Number WNC 071919-A) shows World Net Consolidators Inc. ("World Net") as the exporter, which should be "shipper" because this is not an export shipment, GLB as the consignee and World Net as the forwarding agent. Plaintiff also attached a check showing payment of this bill of lading. This raises a question for another day – are the freight bills really unpaid? Bill of lading No. WNC 60086 shows Forever Link as the exporter (which should also be a shipper in this context), LBK Shoes as the consignee and World Net as the consignee. Bill of Lading No. WNC 070519 shows World Net as the exporter (which should again be the shipper in this context), GLB as the consignee and World Net as the forwarding agent. A.V. Hudson appears nowhere in these bills of lading.

GLB filed the Notice of Removal with this Court because the above-mentioned bills of lading are believed to have been issued for carriage between California and Florida by the carrier, A.V. Hudson. Truck bills of lading in interstate commerce are

subject to the Carmack Amendment, 49 U.S.C. § 14706, and the Federal Bills of Lading Act, 46 U.S.C. § 81801 et. seq.

Plaintiff objected to GLB's Notice of Removal on two grounds – first, the bills of lading were likely issued by the California shipper World Net and second, that California State Commercial Code Sections 1307 and 7102 govern shipments and bills of lading where shipments originate from California shippers and depart from the State of California.

GLB hereby responds to Plaintiff's Objection and Memorandum that this Court has original jurisdiction because the subject bills of lading are more likely to have been issued by A.V. Hudson for interstate shipments from California to Florida, and such bills of lading are subject to the Carmack Amendment and Federal Bills of Lading Act.

## 2. A.V. HUDSON ISSUED THE BILLS OF LADING

The examination of the subject bills of lading indicates that A.V. Hudson is not listed anywhere in them. To be able to enforce a contract, A.V. Hudson must be a party to the contract. Since the shippers and consignees are already established, if A.V. Hudson has any contractual rights under these bills of lading, it must be as the issuing carrier.

Plaintiff argued that "Shipper World Net Consolidators most likely than not issued the bills of lading in California as the shipper as required and pursuant to the aforementioned cited California Statutory Bill of Lading law." *Plaintiff's Objections*

*and Response* at 5. However, the law Plaintiff cites, California Commercial Code Section 1307, provides, in the relevant part:

> A bill of lading, policy or certificate of insurance, official weigher's or inspector's certificate, consular invoice, or any other document authorized or required by the contract to be *issued by a third party* is admissible as evidence of the facts stated in the document by the third party in any action arising out of the contract that authorized or required the document.

World Net is not a third party, A.V. Hudson is. The statute is irrelevant here.

The other provision Plaintiff cites, California Commercial Code Section 7102, provides, in the relevant part:

> (2) "Carrier" means a person that issues a bill of lading.
> (12) "Shipper" means a person that enters into a contract of transportation with a carrier.

In the Complaint, Plaintiff admits that A.V. Hudson is a licensed motor carrier (Page 5, Para. 12) and World Net is a California shipper. According to the statute Plaintiff cites, A.V. Hudson, as the carrier, issued the bills of lading. World Net cannot have issued the bills of lading because being a shipper it cannot logically enter into a contract of transportation with itself.

Under the Carmack Amendment governing interstate surface transportation, "a carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 (of 49 U.S.C) shall issue a receipt or bill of lading for property it receives for transportation under this part." 49 U.S.C. § 14706(a). Interstate

transportation by motor carrier is subject to jurisdiction under subchapter I of 49 U.S.C. Chapter 135. *See* 49 U.S.C. § 13501. Therefore, A.V. Hudson must have issued the bills of lading covering the shipments from California to Florida.

**3. ORIGINAL JURISDICTION EXISTS BECAUSE THE BILLS OF LADING ARE SUBJECT TO THE CARMACK AMENDMENT AND FEDERAL BILLS OF LADING ACT.**

Plaintiff concedes that federal jurisdiction exists in its Complaint. It cites to 49 U.S.C. § 13706 to support its claim that "the consignee is further and independently liable for the unpaid freight charges, due to accepting the good and wares from the motor carrier for which the consignee enjoyed the economic benefit therefrom." (Page 9, Para. 17, line 9-12).

As stated above, A.V. Hudson is required to issue bills of lading pursuant to the Carmack Amendment if it is a motor carrier, as it admits. Plaintiff's contracts for interstate transportation by truck are thus governed by the Carmack Amendment, which is federal law.

Federal Bills of Lading Act applies to "a bill of lading when the bill is issued by a common carrier for the transportation of good … between a place in a State to a place in another State." 49 U.S.C. § 80102. The rights and liabilities of parties are also governed by the Federal Bills of Lading Act, which is federal law.

## 4. CONCLUSION

Because the bills of lading at issue are issued by a Florida based licensed motor carrier for interstate shipment from the State of California to the State of Florida, federal law rather than California law governs this lawsuit. This Court should not remand this case to the California state court.

Dated: December 7, 2020          MICHAEL J. PERRY, ESQ., APLC

<u>/s/ Michael J. Perry</u>
Michael J. Perry
Attorneys for Defendant GLB TRUCKING, LLC.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action; my business address is 4640 Admiralty Way, Suite 500, Marina del Rey, CA 90292.

On December 8, 2020, I served the foregoing document described as: **DEFENDANT GLB TRUCKING LLC'S REPLY TO PLAINTIFF'S OBJECTIONS AND RESPONSE MEMORANDUM TO DEFENDANT'S NOTICE OF REMOVAL, MEMORANDUM OF POINTS AND AUTHORITIES** enclosed in a sealed envelope and addressed to:

Richard Grant
**RICHARD L. GRANT, ESQ.**
**GRANT LAW**
A Professional Law Corporation
15375 Barranca Parkway, Suite A-208
Irvine. CA. 92618

**( ) By Envelope** - by placing **( )** the original **(X)** a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:
**( ) By Federal Express**: I caused the envelope(s) to be delivered to the Federal Express box at 4640 Admiralty Way, Suite 500, Marina del Rey, California 90292, on September 23, 202-0 for delivery on the next-business-day basis to the offices of the addressee(s).
**( ) By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
**( ) By Personal Service:** I delivered such envelope by hand to the offices of the addressee(s).
**(X) By E-Mail Electronic Transmission**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated on December 8, 2020**.** I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was incomplete or unsuccessful

Executed on December 8, 2020, at Los Angeles, California. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

                              ____/s/ Michael J. Perry_____
                                  Michael J. Perry

DEFENDANT GLB TRUCKING LLC'S REPLY TO PLAINTIFF'S OBJECTIONS AND RESPONSE MEMORANDUM TO DEFENDANT'S NOTICE OF REMOVAL