UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-10998-DMG (RAOx)** | Date | December 10, 2020 |
|---|---|---|---|

| Title | ***Baxter, Bailey and Associates, Inc. v. GLB Trucking, LLC et al.*** | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On October 6, 2020, Plaintiff Baxter, Bailey & Associates filed a Complaint in Los Angeles County Superior Court against Defendants GLB Trucking, Inc. ("GLB"), DCG Distribution, Forever Link International, Inc., LBK Shoes Corp., and World Net Consolidators, Inc., alleging breach of contract, open book account, account stated, quantum meruit, and unjust enrichment for unpaid freight bills. [Doc. # 1-1.] On December 3, 2020, Defendant GLB filed a Notice of Removal, asserting that federal question jurisdiction exists under 28 U.S.C. section 1331. The next day, Plaintiff filed an Opposition to the Notice of Removal, and on December 8, 2020, GLB filed a reply. [Doc. ## 6, 8.]

The Court notes that the proper procedure for a plaintiff to contest removal is to file a properly noticed motion to remand in compliance with Local Rules 6 and 7. *See* C.D. Cal. L.R. 6, 7. But before addressing the propriety or substance of the parties' Opposition and Reply, GLB is ORDERED TO SHOW CAUSE whether it satisfied the statutory removal requirements.

Under 28 U.S.C. section 1441, when removal is based on the Court's original jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1441(b)(2)(A). "[A] party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met. That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *See Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983); *accord Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

GLB has not explained why removal is proper even though the other Defendants did not join in the removal notice or otherwise indicate their consent to the removal of this action. Based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-10998-DMG (RAOx)** | Date | December 10, 2020 |
|---|---|---|---|

| Title | ***Baxter, Bailey and Associates, Inc. v. GLB Trucking, LLC et al.*** | Page | 2 of 4 |
|---|---|---|---|

on Exhibit 1 attached to the Notice of Removal, it appears that at least one other Defendant, DCG Distribution, was served with a Summons.  [Doc. # 1-1.]

Accordingly, because it is not clear that the removal is procedurally proper, GLB is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for improper removal.  GLB shall file a response by no later than **December 16, 2020**.  Failure to timely file a satisfactory response by this deadline will result in the remand of this action to state court.

**IT IS SO ORDERED.**